# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1373V

| | |
|---|---|
| KATHRYN ANN WEEKS, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Chief Special Master Corcoran<br>Filed: October 7, 2026 |

*Steve Zaloudek,* Maney & Gordon, P.A., Tampa, FL, for Petitioner.

*Debra A. Filteau Begley,* U.S. Department of Justice, Washington, D.C., for Respondent.

**DECISION GRANTING IN PART**
**FINAL AWARD OF ATTORNEY'S FEES AND COSTS** [1]

On September 26, 2022, Kathryn A. Weeks filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that she suffered from Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza vaccination on September 25, 2020. *Id.* A decision awarding damages to Petitioner was issued on February 2, 2026. Decision (ECF No. 50).

Petitioner has now filed a motion for an award for final award of fees and costs, requesting a total of $74,252.61 ($65,435.00 in fees and $8,817.61 in costs). Petitioner's Final Fees Application ("Fee App.") (ECF No. 56). Respondent reacted to the Motion, stating that he is

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

satisfied that the statutory requirements for a fees award are met in this case, and requesting that I exercise my discretion to determine a reasonable award. Response at 2-3 (ECF No. 57). Petitioner did not file a reply.

Because Petitioner succeeded in this matter, she is entitled to a reasonable award of fees and costs, and I hereby **GRANT in-part** Petitioner's motion, awarding the total amount of $59,524.46.

## ANALYSIS

### I. Appropriate Amount of Fees and Costs to Be Awarded

#### A. Hourly Rates and Attorney Time

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1933).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.

Petitioner is requesting that her attorneys, Mr. Steve Zaloudek and Mr. Andy Steingold, both be awarded an hourly rate of $550.00 for years 2021-26, and paralegal staff be awarded an hourly rate of $225.00 for work performed during those same years.

##### i. Mr. Steve Zaloudek

Mr. Zaloudek was previously been awarded an hourly rate of $464.00 for work performed in 2024. *See Price v. Sec'y of Health & Hum. Servs.,* No. 21-1867V, 2024 WL 4451581, at *2

(Fed. Cl. Spec. Mstr. Sept. 9, 2024). **I will adopt that rate for all time Mr. Zaloudek billed in 2024, which will result in a reduction of $825.60**.[3]

Rates for Mr. Zaloudek have not been established for 2025-26. Based on Mr. Zaloudek's overall experience in the Vaccine Program (this being his third case), I find it appropriate to award him an hourly rate of $490.00 for work performed in 2025, and $520.00 for work performed in 2026. Application of these hourly rates will result in a further reduction of $2,121.00 in fees.

**Therefore, the total reduction in fees for Mr. Zaloudek's work is $2,946.60.**

### ii. Mr. Andy Steingold

Mr. Steingold has been a licensed attorney in Florida since 1987, placing him the OSM range of attorneys with over 30 years of legal experience for time billed in this case. However, this is Mr. Steingold's first case in the Vaccine Program. As a result, Mr. Steingold's requested rate of $550 per hour for all years exceeds what an attorney with comparable overall legal experience, but a lack of Vaccine Act-specific experience, would receive in the Vaccine Program. *See McCulloch,* 2015 WL 5634323, at *17 (considering "[t]he experience of attorneys in the Vaccine Program" as a factor for determining appropriate hourly rates for attorneys practicing in the Vaccine Program); *see also* Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2022.[4] I thus find it appropriate to reduce the requested hourly rate for Mr. Steingold for all periods of work performed on this matter, and award him as follows:

- $455 per hour for work performed in 2021;
- $470 per hour for work performed in 2022;
- $495 per hour for work performed in 2023; and
- $510 per hour for work performed in 2024.

**This reduces the total amount to be awarded in fees to Mr. Steingold by $4,210.00**.[5]

### iii. Paralegal Time

Petitioner is requesting an hourly rate of $225 for the work of paralegals on this case. Fee App. at 9-15. This rate exceeds the OSM Attorneys' Forum Hourly Rate schedule ranges for

---

[3] This is calculated as follows: Number of Hours Worked in 2024 (9.6) x Hourly Rate Requested ($550.00))- Number of Hours Worked in 2024 (9.6) x Hourly Rate Applied ($464.00) = $825.60.

[4] The Office of Special Master's Attorneys' Forum Hourly Rate Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

[5] This is calculated by applying the awarded hourly rate and multiplying by the number of hours worked per year.

paralegals for all relevant years this case was pending. Therefore, I reduce the paralegal rates to the following:

- $160 per hour for work performed in 2022;
- $170 per hour for work performed in 2023;
- $180 per hour for work performed in 2024;
- $190 per hour for work performed in 2025; and
- $200 per hour for work performed in 2026.

Application of these rates will reduce the amount to be awarded for fees for paralegal work in the amount of **$1,731.00.**

**iv. Time Billed to Matter**

A review of the billing records submitted reveals that the overall number of hours worked on this matter appears to be reasonable, although there are some discrepancies in the tasks billed by attorneys. First, some tasks performed by attorney Mr. Steingold would more properly be billed using a paralegal rate. Fee App at 5-7. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See e.g. Doe/11 v. Sec'y of Health & Hum. Servs.,* No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Harvard v. Sec'y of Health & Hum. Servs.,* No. 18-1120V, 2020 WL 5031983, at *3-4 (Fed. Cl. Spec. Mstr. July 20, 2020) (reducing hourly rates of attorneys billing for paralegal tasks at attorney rates at the Maney & Gordon, P.A. firm); *Mostovoy v. Sec'y of Health & Hum. Servs.,* No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Turpin v. Sec'y of Health & Hum. Servs.,* No. 99-535V, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Examples of these tasks include:

- March 6, 2022 (0.2 hours): Drafted notice of filing exhibits;
- August 12, 2022 (1.0 hours): Review and prepare documents to be filed with petition;
- December 15, 2022 (0.4 hours): Drafted updated exhibit list;
- December 15, 2022 (0.5 hours): Drafted statement of completion;
- July 25, 2023 (1.0 hours): Drafted medical record requests; and
- September 19, 2023 (0.2 hours): Drafted supplemental exhibit list.

Upon reviewing the billing invoices submitted, there appears to be four hours of work performed by an attorney that should be billed at the corresponding paralegal rate. This reduces the amount of fees to be awarded by $1,930.[6]

Additionally, it appears that a number of entries were for tasks considered clerical or administrative in nature.[7] Administrative tasks *cannot* be billed to the Vaccine Program, regardless of rate. *See Rochester v. United States,* 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and find that "[these] services…should be considered as normal overhead office costs included within the attorneys' fees rates"); *Dingle v. Sec'y of Health & Hum. Servs.,* No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014) ("billing for clerical and other secretarial work is not permitted in the Vaccine Program.").

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.,* 102 Fed. Cl. 719. 727 (2011). As such I will reduce the total requested paralegal hours worked by 50%. **Applying this reduction, in addition to applying the revised hourly rates for paralegals, reduces the total paralegal fee request by $5,353.50**.[8]

### B. Litigation Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States,* 52 Fed. Cl. 667, 670 (2002); *Perreria v. Sec'y of Dep't of Health & Hum. Servs.,* 27 Fed. Cl. 34 (1992). Petitioner is requesting $8,817.61 in costs. Fee App. at 22. I have reviewed the requested costs, and find the majority of them to be reasonable, with the exception of a $288.00 payment for a "Filing fee-U.S. Court of Federal Claims," that does not correspond with the payment of the actual filing fee for Petitioner's claim, which is documented later. *Id.* at 21. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See e.g. Gardner-Cook v. Sec'y of Health & Hum. Servs.,* No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). **Thus, I hereby reduce the requested costs by $288.00.**

---

[6] This was calculated by reducing the number of hours Mr. Steingold billed for 2022 and 2023 by two hours per year and then applying the awarded hourly rate.

[7] These include tasks such as saving documents to an internal file, organizing medical records, and preparing exhibits for filing. Fees App. at 14-19. Some examples of administrative tasks include: 06/20/22-Reviewed and saved medical records from Dr. Dasousa; 09/20/23: Prepared and filed exhibits 12-16 for filing, 0.3 hours; 10/17/23: Reviewed and saved medical records from Dr. Olivera, 0.2 hours; 08/19/24-Reviewed and saved medical records from Dr. Stephens, 0.2 hours; and 11/13/24: Reviewed and saved records from Dr. Standley, 0.2 hours. This is not an exhaustive list.

[8] Paralegals at Maney & Gordon, P.A. had previously billed for administrative tasks in other Vaccine Program cases, resulting in a reduction of fees. *See,* e.g., *Harvard v. Sec'y of Health & Hum. Servs.,* No. 18-1120V, 2020 WL5031983, at *4-5 (Fed. Cl. Spec. Mstr. July 20, 2020).

## CONCLUSION

The Vaccine Act permits an award of reasonable attorneys' fees and costs for successful claimants. Section 15(e). Accordingly, I hereby **GRANT** in part Petitioner's motion for an award of final attorney's fees and costs. **Petitioner is awarded the total amount of $59,524.46 ($50,994.85 in fees and $8,529.61 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[9]

**IT IS SO ORDERED.**

**/s/ Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.